Reese, J.
delivered the opinion of the court.
John C. McLemore gave to John Ray a power, of attorney to sell and convey certain lands of his, for the benefit of said McLemore. Ray sold a portion of them to the complainant, and to secure the consideration, took a bill single from the complainant, and in fraud, as it would seem, of McLemore’s rights, caused the same to be made payable to Ray and McLemore. This bill single was assigned and transferred by Ray, alone, to Crawford: McLemore, who had previously conveyed a portion of the land to another, gave to the complainant a written statement signed by him, but without seal, waiving and relinquishing all claim to his moiety of said bill single. Crawford, in the name of Ray and McLemore, but for his use, brought suit upon said bill single, and recovered the whole amount. This bill was filed to enjoin him therefrom.
At the hearing the chancellor dismissed the bill upon the ground, chiefly it is said, that at law the complainant might have relied upon the written but parole release of McLemore. It is scarcely necessary to consider how that is. Crawford as to McLemore’s moiety has no interest, either legal or equitable, either in the bill single or in the judgment rendered thereon, nor would he have in any execution which might be issued. And McLemore, who has both the legal and equitable title to the moiety of the bill single and judgment thereon, in his answer admits, and in his deposition proves, that he claims nothing from Crawford on the score of said bill single or judgment. He admits the jurisdiction of the court; he assents to the relief of the complainant; he is willing perpetually to be enjoined. Shall Crawford, therefore, in despite of the will, wish and agree- *70 meat of McLcmore ancl complainant be allowed by process of law, to collect money, which, when collected, would not be his, either in law or equity, but would be McLemorc’s? For these reasons we decree a perpetual injunction of one-half of the said judgment.